IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

KENNETH MOORE

                Plaintiff,

Vs.                                                                 No. 20-2428-SAC

C.R. BARD, INC., BARD
PERIPHERAL VASCULAR, INC.,
MCKESSON CORPORATION, et al.,

                Defendants.

MEMORANDUM AND ORDER

This products liability action was originally filed in the County Court of Dallas County, Texas, with Kenneth Moore being one of the 17 named plaintiffs. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard defendants") removed this action to the United States District for the Northern District of Texas, Dallas Division, based on diversity jurisdiction and on the allegation that the plaintiffs had improperly joined the Texas corporation, McKesson Corporation (McKesson), to defeat diversity jurisdiction. ECF# 1. According to the notice of removal, the plaintiffs had alleged that McKesson was involved in establishing, marketing and administering the Bard Reach program that tracked patients implanted with Bard IVC filters for follow up care or retrieval of the filter and that McKesson also marketed the filters through this program. The Bard defendants assert

1

the plaintiffs' complaint failed to allege that they were enrolled in this program or that their enrollment resulted in any filter-related injuries. Thus, the Bard defendants argued McKesson was fraudulently joined.

The Bard defendants next moved to dismiss the out-of-state plaintiffs' claims for lack of personal jurisdiction arguing in part that these plaintiffs had pleaded no facts connecting their injuries or the defendants' alleged actions to Texas. ECF# 2. Six days later, the defendant McKesson filed a motion to dismiss without prejudice the plaintiff's claims for lack of subject matter jurisdiction. ECF# 11. McKesson asks this court to find it was fraudulently joined and to dismiss it without prejudice as a non-diverse defendant fraudulently joined for which subject matter jurisdiction is lacking.

The plaintiffs were granted an extension of time to August 27, 2020, to file their responses to both pending motions to dismiss. (ECF# 15). They, however, responded only to the Bard defendants' motion to dismiss (ECF# 19) and then moved to sever and transfer venue of out-of-state plaintiffs' cases (ECF# 20). The August 27th deadline passed without the plaintiffs responding to McKesson's motion. Without addressing the question of fraudulent joinder raised in McKesson's motion, the United States District Court for the Northern District of Texas on August 31, 2020, granted the plaintiffs' motion to sever and transfer venue. ECF# 26. The plaintiff Moore's case was severed and transferred into the District of Kansas on September

2, 2020. The court's docket record reflects that McKesson's counsel who filed the motion to dismiss has withdrawn, and new counsel has entered their appearance as of September 4, 2020.

The court finds that the order severing and transferring Moore's action to this court effectively moots the Bard defendants' motion to dismiss. McKesson's motion to dismiss remains pending. The court hereby orders the plaintiff Moore to show cause why this court should not consider and decide the defendant McKesson's motion to dismiss as an uncontested motion pursuant to D. Kan. Rule 7.4(b). The plaintiff shall file his response no later than December 3, 2020.

IT IS THEREFORE ORDERED that the Bard defendants' motion to dismiss (ECF# 2) is denied as moot;

IT IS FURTHER ORDERED that the plaintiff Moore is to show cause no later than December 3, 2020, why this court should not consider and decide the defendant McKesson's motion to dismiss (ECF# 11) as an uncontested motion.

Dated this __19th__ day of November, 2020, Topeka, Kansas.


            _____/s Sam A. Crow_____
            Sam A. Crow, U.S. District Senior Judge